No. 12668

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

WILLIAM FULTON STEWART,

Defendant and Respondent.

---

Appeal from: District Court of the Twelfth Judicial District,
Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas J. Beers, Assistant Attorney General, argued,
Helena, Montana
Ronald W. Smith, County Attorney, argued, Havre,
Montana

For Respondent:

Morrison, Ettien and Barron, Havre, Montana
Robert D. Morrison argued, Havre, Montana

---

Submitted: September 18, 1974

Decided: OCT 8 1974

Filed: OCT 8 1974

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

The respondent, William Fulton Stewart, was arrested on March 16, 1973, for possession of dangerous drugs. Respondent made a motion to suppress all evidence seized from his person at the time of his arrest and all evidence discovered and seized at his residence pursuant to a search warrant. The district court of Hill County ordered that all evidence obtained by either search be suppressed. The State of Montana has appealed the suppression of the evidence obtained by the search incident to respondent's arrest.

Prior to March 16, 1973, respondent's residence was placed under police surveillance on at least eight occasions. An informant had said that marijuana, a hash pipe, and other drug related paraphernalia could be found there; the purpose of the surveillance was to determine whether known drug users were frequenting the premises. Among known drug users who were seen at respondent's residence during this period were Dave Mariani and Harlan Swan.

On March 16, 1973, surveillance was broadened. That afternoon officers Robert Kurtz and James Doxtater went to the Le Havre Inn and positioned themselves where they could view all the activity of respondent at the Westco Service Station, his place of employment. The officers were equipped with a twenty power spotting scope and a pair of binoculars. Throughout this period of surveillance particular attention was paid to the frequent visits of Mariani and Swan to the station. They first came around 4:00 p.m., then between 5:00 and 6:00 p.m., and again around 7:00 p.m. After the second visit Mariani and Swan left the station without the latter's pickup. At this time respondent went over to the

-2-

pick-up, removed an object from the cab and placed it in his pocket, and returned to the station. Once inside the station, repondent removed the object from his pocket and picked something out of it. When Mariani and Swan rejoined respondent at 7:00 p.m., respondent again removed the object from his pocket and waved it in the air. Officer Kurtz recognized the object as a "baggie" containing a dark-colored substance. Immediately thereafter the trio were observed passing the "baggie" among themselves. Based upon these observations and officer Kurtz's familiarity with marijuana in resale form, the officers proceeded to the station to make arrests. The "baggie" was found in respondent's right pocket and seized by officer Doxtater. The contents of the "baggie" were later analyzed as marijuana.

The sole issue is whether there was probable cause under the Fourth Amendment to the United States Constitution to arrest respondent without a warrant.

A succinct statement of what constitutes "probable cause" is found in Brinegar v. United States, 338 U.S. 160, 175, 93 L.Ed. 1879, 69 S.Ct. 1302:

> "In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.

> "'The substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt.' McCarthy v. De Armit, 99 Pa. St. 63, 69, quoted with approval in the Carroll opinion, 267 U.S. at 161. And this 'means less than evidence which would justify condemnation' or conviction, as Marshall, C.J., said for

the Court more than a century ago in Locke v.
United States, 7 Cranch 339, 348. Since
Marshall's time, at any rate, it has come to
mean more than bare suspicion:  Probable cause
exists where 'the facts and circumstances with-
in their [the officers'] knowledge and of which
they had reasonable trustworthy information
[are] sufficient in themselves to warrant a man
of reasonable caution in the belief that' an
offense has been or is being committed. Carroll
v. United States, 267 U.S. 132, 162."

Applying these principles to the case at bar, we conclude

there was sufficient probable cause for respondent's arrest.

It should be noted that this case is not one in which probable

cause stands or falls with the reliability of an informant.

Any usefulness the informant here may have had in the beginning

was long since dissipated by the subsequent chain of events.

What probable cause does rest upon is good police work by the

officers.  Consider the record:

1.  The officers had established surveillance to observe

possible drug traffic at respondent's place of employ-

ment.

2.  Known drug users were seen there several times.

3.  Respondent was observed removing an object from the

vehicle of one of these known drug users.

4.  The object was recognized as a "baggie" containing a

dark-colored substance.

5.  The "baggie" was passed around by respondent and these

known drug users.

6.  At least one of the officers had prior experience in

the drug field and knew that "baggies" were commonly used

as receptacles for illicit drugs.

In view of the foregoing, it is our view that the officers acted under a reasonable belief that a crime was being committed in their presence.

Accordingly, the order suppressing the evidence seized from respondent's person at the time of his arrest is vacated and set aside and the cause is remanded to the district court for further proceedings.

_____
                    Chief Justice

We concur:

_____

_____

_____
                    Justices

-5-